COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-03-064-CR
 
ISMAEL TORRES FIGUEROA                                                   APPELLANT 
 
V.
 
THE STATE OF TEXAS                                                                  STATE 
 
------------
 
FROM THE 
213TH DISTRICT COURT OF TARRANT COUNTY 
 
------------
 
MEMORANDUM OPINION



 
------------
        In a single point, Appellant, Ismael Torres Figueroa, challenges the trial 
court’s denial of his motion for forensic DNA testing pursuant to chapter 64 of 
the Texas Code of Criminal Procedure. 
 

 We will affirm. 
Factual and Procedural Background
        Appellant was sentenced to fifteen years’ confinement after pleading 
guilty to the offense of aggravated sexual assault in September 1994. No 
appeal was taken on the conviction. In August 2002, Appellant filed a motion 
pursuant to article 64.01 of the Texas Code of Criminal Procedure seeking DNA 
testing of evidence containing biological material. 
 

 The trial court appointed 
counsel to assist Appellant in obtaining the order. Attached to the State’s
response to Appellant’s motion is the sworn affidavit of Melony Ebel, property
custodian for the Arlington Police Department, the agency which investigated
the case. Ebel’s affidavit states that all evidence relating to Appellant’s case
was destroyed on August 16, 1994. Appellant’s motion was denied on the
basis that no genetic material was available for testing.
Discussion
        Article 64.01(a) provides that a convicted person may submit to the 
convicting court a motion for forensic DNA testing of evidence containing 
biological material. 
 

 On receipt of the motion, the convicting court shall require 
the attorney representing the State to:
(A) deliver the evidence to the court, along with a description
of the condition of the evidence; or
 
(B) explain in writing to the court why the state cannot 
deliver the evidence to the court. 
 



Article 64.03(a)(1)(A) further provides that a convicting court may order
forensic DNA testing only if the court finds that the evidence still exists.



        The trial court found that evidence possibly containing biological material 
had been destroyed. Deferring to this finding of historical fact, we conclude the 
trial court did not err in refusing to order DNA testing. Appellant argues that 
article 64.02 requires the State to provide a reason for the destruction of the 
evidence. Article 64.02, however, only requires the State to explain why it 
cannot deliver the evidence to the court. When the explanation offered by the 
State is that the evidence was destroyed, nothing in article 64.02 requires the 
State to explain why the evidence was destroyed. The State provided a sworn 
affidavit from the property custodian for the Arlington Police Department 
averring that the State had no DNA evidence to deliver to the court pursuant 
to article 64.02(2)(B). Consequently, the State met its burden under article 
64.02(2)(B) by explaining why it could not deliver DNA evidence to the court. 
 

 
Thus, the trial court did not err by denying Appellant’s motion for forensic DNA
testing pursuant to article 64 of the Texas Code of Criminal Procedure.
 

 
Accordingly, we overrule Appellant’s sole point.
 


Conclusion
        Having overruled Appellant’s sole point, we affirm the trial court’s 
judgment.
 
                                                                  PER CURIAM 
 
PANEL F:   HOLMAN, J.; CAYCE, C.J.; and SAM J. DAY, J. (Retired, Sitting 
by Assignment) 
 
DO NOT PUBLISH 
Tex. R. App. P. 47.2(b)
 
DELIVERED: November 13, 2003